DANIEL J. BRODERICK, #89424
Federal Defender
FRANCINE ZEPEDA, #091175
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
AMMON McNEELY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMMON McNEELY, | |
| *Petitioner*, | PETITION FOR HABEAS CORPUS (18 U.S.C SECTION 2241)/MOTION FOR IMMEDIATE RELEASE; EXHIBITS A AND B |
| v. | |
| ALBERT NAJERA, United States Marshall for the Eastern District of California, | U.S. District Judge |
| *Respondent*. | |

Defendant, AMMON McNEELY, by and through his attorneys, Francine Zepeda, Assistant Federal Defender, of the Office of the Federal Defender, hereby petitions and moves for the following relief.

1. Defendant moves under 28 U.S.C. § 2241 for immediate release. Mr. McNeely was sentenced by U.S. Magistrate Judge Michael Seng on October 4, 2011 to a term of twenty days to commence on December 1, 2011. When Mr. McNeely failed to turn himself in, an arrest warrant issued on January 4, 2012. Mr. McNeely was arrested on February 8, 2012, and has remained in continuous custody. As of the date of the filing of this motion, Mr. McNeely has been in custody for 34 days. Mr. McNeely has fully served his federal sentence. There is no basis for his current detention. Mr. McNeely is being illegally detained, and must be immediately released from custody.

2.   Pursuant to 28 U.S.C. § 2241, this court is empowered to order released from custody an individual wrongfully detained, vacate, set aside, amend, or correct a federal sentence. Pursuant to § 2241, this Court is empowered to grant the writ and order that Mr. McNeely be given credit for time served on his federal sentence. *Cf. Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996). The federal sentence was for a term of twenty days; Mr. McNeely has completed his sentence and must be immediately released

The factual and procedural statements below are based on the docket in this case.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by complaint in case number 6:11-mj-00141 on October 3, 2011, in Yosemite National Park, Eastern District of California, of violation of 36 CFR 2.17(a)(3); deliver a person by parachute. On October 4, 2011, he entered a guilty plea to the charge and was sentenced by this Court to imprisonment for a term of 20 days. The Court ordered him to self-surrender by 2:00 p.m., on December 1, 2011 to the United States Marshal. When the defendant failed to comply with that order, this Court issued a bench warrant for his failure to surrender. The warrant was issued by Magistrate Judge Seng on January 4, 2012. The arrest warrant was issued in the instant case. The reason listed for issuance of the warrant as "Failure to surrender for 20 days custody as ordered by the Court at Sentencing on 10/04/11". Nothing in the warrant allows for Mr. McNeely to be held for any other purpose. (Exhibit A)

Defendant was arrested on the bench warrant on February 8, 2012. (Exhibit A) As of today, he has been in the custody of the United States Marshal for 34 days. Mr. McNeely has currently been imprisoned for 14 days in excess of his sentence. Defendant requests this Court to order his immediate release as there is no valid, legal grounds for his continued detention.

Moreover, in the instant case, Mr. McNeely was not sentenced to probation. The sentence was imposed and the case closed on October 4, 2011. (Exhibit B) The Court is without jurisdiction to impose any further punishment in this matter. His detention is illegal.

## II.  ARGUMENT

### A.   MR. McNEELY HAS FULLY SERVED HIS FEDERAL SENTENCE AND MUST BE RELEASED

Mr. McNeely has been in custody from February 8, 2012, until March 12, 2012, on the warrant issued by Magistrate Judge Seng. With credit for time served, Mr. McNeely competed his twenty day sentence on February 27, 2012. 18 U.S.C. § 3585. Notwithstanding the fact that Mr. McNeely completed his sentence on February 27, 2012, as of March 12, 2012, Mr. McNeely continues to be detained by the U.S. Marshals Service for the Eastern District of California. Mr. McNeely has currently served thirty-four days in federal custody. Because Mr. McNeely is in federal custody on a sentence that has already been served, he files this petition for his immediate release. "The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty, and they understood the writ of habeas corpus as a vital instrument to secure that freedom." *Boumediene v. Bush*, 533 U.S. 723, 739 (2008).

The Court has stated that the defendant was detained in the District of Oregon and that he is not responsible for his custody. This argument is disingenuous. The Magistrate Court in the District of Oregon acted to hold Mr. McNeely in custody based on the warrant issued by Magistrate Seng. But for the arrest warrant, McNeely would not have been in custody and detained.

Pursuant to 18 U.S.C. § 3624(a), "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment," and as Mr. McNeely's term expired on February 27, 2012, his continued detention is illegal. After Mr. McNeely's arrest on the warrant, Mr. McNeely should have been turned over to the Bureau of Prisons to serve his 20 day sentence. The decision by the U.S. Marshal's to engage in a protracted transport of Mr. McNeely to extend his sentence is an illegal grab of judicial discretion. *Bush*, 533 U.S. at 742 ("Framers' inherent distrust of governmental power was the driving force behind the constitutional plan that allocated powers among three independent branches. This design serves not only to make Government accountable but also to secure individual liberty.").

As this District has previously held, a petition under 28 U.S.C. § 2241 in appropriate in this situation as "a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for

writ of habeas corpus under 28 U.S.C. § 2241." *Brim v. Rios*, 2011 U.S. Dist LEXIS 141202 (E.D. Cal. 2011). *See, e.g.*, *Hernandez v. Campbell*, 204 F.3d 861, 864-56 (9th Cir. 2000); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1990). Mr. McNeely petitions this Court for such a writ under 28 U.S.C. § 2241 and requests his immediate release as he has fully served his sentence.

### III. CONCLUSION

Mr. McNeely has fully served his 20 day federal sentence and must immediately be released. Pursuant to *Clark*, a petition under 28 U.S.C. §2241 is the proper vehicle for Mr. McNeely to obtain his release. He hereby petitions this Court to release him immediately because he fully completed his federal sentence fourteen days ago.

DATED: March 12, 2012

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

/s/ Francine Zepeda
FRANCINE ZEPEDA
Assistant Federal Defender
Attorney for Defendant
Ammon McNeely